I concur in the main opinion insofar as it reverses the denial of the defendant manufacturer's motion for a judgment as a matter of law ("JML") on the plaintiff's express-warranty claim and insofar as the main opinion affirms the summary judgment against the plaintiff on his fraudulent-suppression claim. I respectfully dissent from the main opinion insofar as it reverses the denial of the defendant dealer's motion for JML on the plaintiff's claim for breach of implied warranty of merchantability.
On the plaintiff's implied-warranty-of-merchantability claim against the defendant dealer, the main opinion identifies the dispositive issue as "whether [the plaintiff] Morrow produced substantial evidence indicating that the truck was not merchantable." The dealer admits that the jerking and bucking was enough of a problem common to trucks like the plaintiff's that the defendant manufacturer Chrysler issued a "Technical Service Bulletin" about the problem. The plaintiff testified that, when he demonstrated the jerking and bucking to the dealer's shop foreman or shop manager Rick Bower on June 17, 1997, Bower said to the plaintiff:
 "[T]his is the sixth or seventh one I have seen in here doing this and we have tried to put stiffer springs on the accelerator linkage and so far nothing has worked but we've made Chrysler aware that we're having a problem."
The defendants' expert George Thomas Traylor, having ridden in the plaintiff's truck to experience the jerking and bucking, described it as "very severe." Traylor agreed that "it [is] hard to even carry on a *Page 867 
conversation while it is going on." Traylor explained, "[I]t shakes really bad." William Campbell, an engineer in the power-train division of Chrysler, described the jerking and bucking this way:
 "It is a very unsettling experience. It gets started with a rapid throttle movement and a back-off. Then it just goes into a resonance on its own. If you aren't strapped in, you can get thrown up and hit your head on the roof, or I can. I'm kind of tall."
On February 13, 1997, about six weeks before the plaintiff bought his truck, Chrysler posted for its dealers a "STAR hotline" e-mail message which described an incident with a Chrysler truck pulling a "fifth wheel" trailer, generally the same configuration as the plaintiff's, in pertinent part as follows:
 "Buck and surge at cruising speed pulling a fifth wheel trailer, 3.54 ratio gear in fifth gear. Twelve thousand pounds GVW of trailer. The trailer was loaded. The bucking caused the trailer to come unhooked from the truck. The bed and tailgate heavy damage. Happens while cruising. Steady speed. Fifth wheel is approximately four inches forward of axle. Truck has camper. . . . [R]esolution package: Transient customer. No fix at this time."
Referring to his own truck, the plaintiff testified:
 "Somewhere along the line, I noticed that the fifth wheel — the goose neck ball that was mounted in the bed of the truck . . . [,] where the nut was welded into the brace under there, that the weld was broken all the way around the nut."
The plaintiff, apparently without objection, attributed this dangerous condition to the jerking and bucking. Thereafter, the weld broke again because of the jerking and bucking. Morrow testified:
 "Well, the first particular occasion I carried it in [to Airport Trailer Sales], they rewelded the nut back under the bottom of it. Then we were inspecting it again and noticed the weld had broken again. That's when I pretty much just said, well this has gotten to the point where I'm about to get somebody killed when the trailer leaves the back of this truck so I just parked the truck and quit using it."
All of the foregoing, considered, as we must consider it, in the light most favorable to the judgment-winner, the plaintiff, constitutes substantial evidence that the truck was not merchantable when the plaintiff bought it. The record contains evidence that supports a reasonable inference that the plaintiff's continued use of the truck was caused by financial necessity. Thus, the evidence of continued use cannot nullify the plaintiff's evidence of nonmerchantability. Likewise, the evidence of continued use cannot prove as a matter of law that the truck was merchantable, as the main opinion holds.